IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 4:09CR73

BRIAN JOHNSON

## GOVERNMENT'S RESPONSE TO DEFENDANTS
## OBJECTIONS TO PRESENTENCE REPORT

The United States of America hereby responds to defendant Johnson's Sentencing memorandum. The Government opposes the requested downward departure based on the defendant's claim that his career offender status over represents the seriousness of his criminal history. "[T]he burden of persuading the sentencing court that a downward departure is warranted rests with the defendant." United States v. Rutana, 932 F.2d 1155, 1159 (6th Cir.), cert. denied, 502 U.S. 907 (1991). Here, an examination of the defendant's criminal history reveals that no departure is warranted.

The Court has discretion to consider the departure request under the policy statement in U.S.S.G. § 4A1.3. That section states that "if reliable information indicates that the defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes, a downward departure may be warranted." The policy statement provides the following example of when such a departure would be warranted:

> An example might include the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.

[emphasis supplied] Mr. Johnson's history is very different from this example. As discussed at

pages 7 through 14 of the PSR, he has been <u>regularly</u> involved with the criminal justice system since he was 17 years old, and he was arrested in 1994, 1996 (five arrests), 1997 (three arrests), 1999 (two arrests), 2000 (two arrests) and 2004. Even without applying the career offender provision, his Criminal History score is 05 [PSR ¶ 67]. Disturbingly, there is no evidence of rehabilitation resulting from Mr. Johnson's many experiences with the criminal justice system. Indeed, the circumstances of the instant offense show that, if anything, his behavior is getting worse.

The Government also opposes the requested downward departure based on the Application of the Fair Sentencing Act's 18:1 ratio. At the time defendant committed the instant offense, section 841(b)(1)(B)(iii) required a 60-month mandatory minimum sentence for drug-trafficking offenses involving more than five grams of cocaine base. On August 3, 2010, the Fair Sentencing Act of 2010 ("2010 Act") prospectively amended section 841(b)(1)(B)(iii) to raise the threshold for imposition of the 60-month mandatory minimum sentence from five grams of "crack" cocaine to 28 grams. Pub. L. No. 111-220, 124 Stat 2372, § 2 (August 3, 2010). The 2010 Act, however, is not retroactive; and, defendant's sentence continues to be governed by the law in effect when he committed the offense. Defendant is, therefore, not entitled to any relief.

The general savings clause (1 U.S.C.A. § 109) requires application of the law and penalty provisions in place at the time the crime was committed, unless the newly enacted law or penalty provisions expressly provide for retroactive application. <u>Warden, Lewisburg Penitentiary v. Marrero</u>, 417 U.S. 653, 660 (1974); <u>United States v. Avila-Anguiano</u>, 609 F.3d 1046, 1050-51 (9th Cir. 2010) (applying ten-year mandatory minimum sentence dictated by the Violent Crime Control and Law Enforcement Act of 1994 because defendant committed the crime before the same Act (and ten-year mandatory minimum) expired). The 2010 Act contains no express statement that it is

2

retroactive. Indeed, the Sixth Circuit has recently addressed this very issue and held that the 2010 Act is not retroactive; the applicable penalty provision for "crack" cocaine offenses is that which was in place at the time the defendant committed the crime. United States v. Carradine, No. 08-3220, 2010 U.S. App. LEXIS 19471, at *11-12 (6th Cir. Sept. 20, 2010). Several district courts throughout the nation have reached the same conclusion. See, e.g., United States v. King, No. 6:04-cr-46-Orl-19GJK, 2010 U.S. Dist. LEXIS 97993, *4-5 (M.D. Fla. Aug. 31, 2010) (finding that the Fair Sentencing Act of 2010 does not apply retroactively); United States v. Ohaegbu, No. 6:92-cr-35-Orl-19, 2010 U.S. Dist. LEXIS 90077, at *4-5 (M.D. Fla. Aug. 31, 2010) ("finding no authority or evidence in the text or legislative history of the Fair Sentencing Act of 2010 supporting . . . argument that the Fair Sentencing Act of 2010 applies retroactively"); United States v. Watson, No. 10-cr-30323, 2010 U.S. Dist. LEXIS 81825, at *8, fn. 1 (E.D. Mich. Aug. 12, 2010) (finding that the Fair Sentencing Act of 2010 does not apply retroactively); United States v. Miller, 4:89-CR-120(JMR), 2010 U.S. Dist. LEXIS 79763, at *5-6, fn. 2 (D. Minn. Aug. 6, 2010) (stating that the Fair Sentencing Act of 2010 does not apply retroactively).

Here, defendant committed his crime in November 2007, nearly three years prior to the effective date of the 2010 Act's amendments. Because defendant committed his crimes prior to the effective date of the amendments, he is not entitled to relief under the 2010 Act and is still subject to the 100:1.

For these reasons, the Government respectfully requests that the recommendations in the PSR be accepted.

DATED: November 29, 2010          Respectfully submitted,

                                              WILLIAM MARTIN
                                              United States Attorney


By:    */s/Curtis Ivy, Jr.*
                                              CURTIS IVY, JR.
                                              Assistant United States Attorney
                                              900 Jefferson Avenue
                                              Oxford, Mississippi 38655
                                              (662) 234-3351 (Office)
                                              (662) 234-0657 (Fax)

**CERTIFICATE OF SERVICE**

I, CURTIS IVY, JR., Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I have served the foregoing *Government's Response to Defendant's Objections to Presentence Report*, by mailing, postage prepaid, a true copy of said to the following:

Honorable Tonya W. Powell
powell.law@gmail.com

This the 29th day of November, 2010.

                                                             */s/Curtis Ivy, Jr.*
                                                            CURTIS IVY, JR.
                                                            Assistant United States Attorney