AO 243 (Rev. 2/95)

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| UNITED STATES DISTRICT COURT | District NORTHERN DISTRICT OF MISSISSIPPI |
|---|---|
| Name of Movant: Brian Johnson | Prisoner No. 14129-042 | Case No. 4:09CR... |
| Place of Confinement: | |
| UNITED STATES OF AMERICA V. | BRIAN JOHNSON (name under which convicted) |

RECEIVED DEC 0 6 2011 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF MISSISSIPPI

FILED DAVID CREWS, CLERK Deputy

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __United States District Court for the Northern District of Mississippi__

2. Date of judgment of conviction __December 9, 2010__

3. Length of sentence __188 months (15 years 8 months)__

4. Nature of offense involved (all counts) __Knowingly and intentionally Distribute in excess of five (5) grams of Cocaine Base (Crack Cocaine), in violation of 21, U.S.C. §841(a)(1), (b)(1)(B).__

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   __N/A__

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐ N/A
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☐   N/A

8. Did you appeal from the judgment of conviction?
   Yes ☐   No ☒

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court ___N/A___

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court ___N/A___

        (2) Nature of proceeding ___N/A___

        (3) Grounds raised ___N/A___

        (4) Did you receive an evidentiary hearing on your petition, application or motion?

            Yes ☐    No ☐    N/A

        (5) Result ___N/A___

        (6) Date of result ___N/A___

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court ___N/A___

        (2) Nature of proceeding ___N/A___

        (3) Grounds raised ___N/A___

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐      No ☒

    (5) Result _____N/A_____

    (6) Date of result __N/A_____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.           Yes ☐     No ☐   N/A
    (2) Second petition, etc.       Yes ☐     No ☐   N/A

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    _____N/A_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

    Caution:   <u>If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date</u>.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243   (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Counsel rendered ineffective assistance by failing to seek application of the Fair Sentencing Act of 2010

Supporting FACTS (state *briefly* without citing cases or law):

**SEE MEMORANDUM (BRIEF) IN SUPPORT OF §2255 MOTION**

B. Ground two: The Fair Sentencing Act of 2010 applies retroactive to Defendant's sentenced on or after the enactment of the Statute

Supporting FACTS (state *briefly* without citing cases or law):

**SEE MEMORANDUM (BRIEF) IN SUPPORT OF §2255 MOTION**

C. Ground three:

Supporting FACTS (state *briefly* without citing cases or law):

(5)

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: My lawyer failed to seek application of the Fair Sentencing Act at sentencing or raise the issues presented in Grounds (A) ONE and (B) TWO at sentencing or on direct appeal

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing    Tonya Powell Franklin

    (b) At arraignment and plea   Tonya Powell Franklin

    (c) At trial   Did not go to trial entered plea. was represented by Tonya Powell franklin

    (d) At sentencing   Tonya Powell Franklin

(6)

(e) On appeal   Did not file appeal

(f) In any post-conviction proceeding   Filing as a Pro-Se litigant

(g) On appeal from any adverse ruling in a post-conviction proceeding   N/A this is my first §2255 motion (Pro-Se)

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future:   N/A

(b) Give date and length of the above sentence:   N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☒

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

11/30/11
(Date)

_Brian Johnson_
Signature of Movant

(7)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

BRIAN JOHNSON, )
   Petitioner, )
)
)
)
)
V. ) Crim. No. 4:09-Cr-00073-001
)
)
)
UNITED STATES OF AMERICA, )
   Respondent, )

### MEMORANDUM OF LAW (BRIEF) IN SUPPORT OF PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28, USC §2255

**COMES NOW**, the Petitioner Brian Johnson, acting on his own behalf (Pro-Se), and hereby submit the following Memorandum of law **(Brief)** in support of the instant motion to Vacate, Set aside, or Correct his Sentence, pursuant to 28, U.S.C. §2255.

The Petitioner presents the following issues for the Court's consideration:

I. Counsel rendered ineffective assistance by failing to seek application of the Fair Sentencing Act **(FSA)** of 2010, during sentence.

II. The Fair Sentencing Act **(FSA)** of 2010, applies retroactive to Defendant's sentenced on or after the enactment of the Statute.

### STATEMENT OF THE CASE

On or about October 8, 2009, in the United States District Court for the Northern District of Mississippi, the Petitioner was charged in a two count indictment with Distributing in excess of five (5) grams of Cocaine Base (Crack), in violation of 21, U.S.C. §841(a) and (b)(1)(B), (alleged in count one and two).

On or about January 10, 2010, the Petitioner entered into a written plea agreement, and agreed to pled guilty to Count one of the Charged indictment.

on or about December 2, 2010, Petitioner was sentenced to 188 Months of Imprisonment with four years of supervised release.

Now comes the Petitioner with the instant motion to Vacate, Set aside and Correct his sentence.

## STATEMENT OF FACTS

Petitioner attorney, Tonya Powell Franklin was constitutionally deficient and ineffective for failing to request that the district court apply the Fair sentencing Act to his drug quantity calculation during sentencing, nor did his attorney argue this issue on direct appeal. On or about August 3, 2010, President Barack Oboma signed into law the Fairness in Cocaine Sentencing Act or the Fair sentencing Act as it is called today. This Bill Amended the punishment portion of 21 U.S.C. §841 by reducing the amount of Crack cocaine it takes to trigger the mandatory minimum of specific quantities of crack cocaine based on an 18:1 ratio enstead of the previously applied 100:1 ratio. During sentencing, the district court calculated petitioner's statutory penalty range under the now defunct 100:1 ratio, which placed Petitioner's statutory mandatory ninimum and maximum penalty range at five years to forty imprisonment pursuant to §841(b)(1)(B), causing his base offense level under the Career Offender Guideling to be calculated at level 37, with a criminal History score at Category IV Petitioner's guideline range was calculated at 188-235 months of imprisonment. The District Court applied the low end of this guideline range. The Fair Sentencing Act of 2010 would have reduced Petitioner's statutory mandatory minimum by fifteen years and his statutory mandatory maximum by at least 20 years, to 0-20 years imprisonment under §841(b)(1)(C), resulting in a base offense level under the career Offender

guideline of **32**, reducing Petitioner's guideline range under the Career Ofender Guideline to 151 to 188 months imprisonment, when taking into account the minus three points for acceptance of responsibility. Furthermore, on or about July 15, 2011, Attorney General Eric Holder issued a memo advising all Federal prosecutors to do an about face on the so called "crack pipeline cases" under the Fair Sentencing Act of 2010 (FSA), arguing enstead that district courts should now apply the FSA's lower penalties to defendant's whos crimes were committed before August 3, 2010, the date the FSA became effective, but who had not yet been sentenced. In fact, some Circuit Court's are now applying the FSA to these so-called "pipeline cases" See **United States v. Rojas, 645 F.3d 1234 (CA11)**, holding that "the general savings statute cannot bar application of the FSA to sentencings conducted after its August 3, 2010, enactment." this view is shared by other Circuit courts and some district court judges in the Northern District of Mississippi as well. See **United States v. Whitfield, U.S. Dist. Court Northern Dist. of Mississippi, (2010 U.S. Dist. Lexis 1358660 12-21-10).** Therefore had petitioner's attorney argued for application of the Fair Sentencing Act to Petitioner's sentence, the results of the proceedings would have been different and Petitioner would have received the benefit of the Fair Sentencing Act to his Career Offender Guideline calculation. Thus establishing prejudice under the prejudice prong test announced in **Strickland v. Washington, 466 U.S. 688 (1984).**

The Fair Sentencing Act **(FSA)** of 2010, applies retroactive to defendant's whos crime was committed before August 3, 2010, the date the FSA became effective, but who had not yet been sentenced.

The Petitioner submits that the Fair Sentencing Act of 2010, Pub L. No. 111-220, 124 Stat. 2372 (1010), applies to defendants who committed crack

3

cocaine offenses before August 3, 2010, the date of its enactment, but who were sentenced thereafter. Although the FSA was silent as to whether the harsher mandatory minimums should be preserved for defendants whose cases were pending on the date of the the statutes enactment, the implication of this silence would seem to suggest that Congress intended the FSA to apply to all sentences imposed after the August 3rd date. The General savings statute 1, U.S.C.S. §109 cannot be used to justify disregarding the express will or intent of Congress. See **United States v. Rojas, 645 F.3d 1234, 1240 CA11 2011),** Holding that "the general savings statute cannot bar application of the FSA to sentencings conducted after its August 3, 2010, enactment."

A more precise set of facts are presented hereinafter:

### MANNER OF REVIEW

The Petitioner Brian Johnson, submits that he is unskilled in the science of American Jurisprudence, and has obtained as a (Pro-Se) litigant what little he knows through empiricalism. As a Pro-Se litigant, he petitions this Court to liberally construe his pleadings and not hold him to the standard of an attorney; and if this Court can reasonably read the pleadings to state a valid claim on which Petitioner could prevail, it should do so. See **Haines v. Kerner, 404 U.S. 519.**

### ARGUMENT(S)

### GROUND ONE

### COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO SEEK APPLICATION OF THE FAIR SENTENCING ACT OF 2010

The Petitioner submits that his attorney, Tonya Powell Franklin was constitutionally deficient and ineffective for failing to request that the district court apply the Fair Sentencing act to his drug quantity calculations during sentencing, nor did Petitioner's attorney argue this issue on direct appeal once it became apparent that this bill would be

4

passed by Congress and signed by the President of the United States. Thereby rendering Constitutionally deficient and ineffective assistance of counsel, pursuant to **Strickland v. Washington, 466 U.S. 668 (1984).**

On or about August 3, 2010, President Barack Oboma signed into law the fairness in Cocaine Sentencing Act or the Fair Sentencing Act as it is called today. This Bill amended the punishment portion of 21, U.S.C. §841 by reducing the amount of Crack Cocaine it takes to trigger the mandatory minimum of specific quantities of crack cocaine base on an 18:1 ratio instead of the previously applied 100:1 ratio. During sentencing, the district court calculated Petitioner's statutory penalty range under the now defunct 100:1 ratio, which placed Petitioner's statutory mandatory minimum and maximum penalty range at ten years to life imprisonment, pursuant to §841(b)(1)(B). This caused Petitioner's base offense level under the career Offender Guideline to be calculated at level **37,** with a criminal History score at Category **VI,** Petitioner's sentencing guideline range was calculated at **188-235** months of imprisonment, the district court applied the low end of this guideline range, 188 months 15 yrs 8 mos . Had Petitioner's attorney argued for application of the Fair Sentencing Act of 2010, Petitioner's statutory mandatory minimum and maximum penalty range would have been decreased by at least twenty years, to 0-20 years for distribution in excess of five grams of cocaine base, under the amended statute §841(b)(1)(C). thereby reducing his base offense level under the career offender to Level **32,** reducing Petitioner's sentencing guideline range to 151-188 months of imprisonment, when taking into account the three points acceptance of responsibility. Furthermore, on or about July 15, 2011, Attorney general Eric Holder issued a memo advising all Federal prosecutors to do an about face on the so called "crack pipeline cases" under the Fair Sentencing Act of 2010 (FSA), arguing instead that district

5

courts should now apply the FSA's lower penalties to defendant's whos crimes were committed before August 3, 2010, the date the FSA became effective, but who had not yet been sentenced, in fact, some Circuit Courts are now applying the FSA to these so-called "pipeline cases". See **United States v. Rojas, 645 F.3d 1234, 1240 CA11 2011).** Holding that "the general savings statute cannot bar application of FSA to sentencings conducted after its August 3, 2010, enactment." This view is shared by several Circuit Courts and some district court's have already began to apply the FSA to sentences conducted after the August 3, 2010 enactment date. See **United States v. Whitfield, U.S. Dist. Court Northern Dist. of Mississippi, (2010 U.S. Dist. Lexis 1358660 12-21-10),** Which is the same district from which Petitioner's sentence was imposed.

Therefore, had Petitioner's attorney argued for application of the FSA during his sentencing, it is more likely than not, the district court would have impose sentencing under the FSA. "in order for a defendant to prevail on a claim of ineffective assistance, he "must show that counsel's representation fell below an objective standard of reasonableness." **Strickland, id. at 688.** Also see **United States v. Webster, 392 F.3d 787, 793 CA5 2004)** holding that **Strickland's** "prejudice" prong test requires a reasonable probability that, but for the deficient performance of his counsel, the outcome would have been different. Therefore, failure of Petitioner's attorney to request that Petitioner be sentenced under the **FSA** preventing him from receiving a lesser sentence under the new 18:1 crack ratio. Thus, satisfying the "prejudice prong test" under **Strickland.**

### GROUND TWO

#### THE FAIR SENTENCING ACT (FSA) OF 2010, APPLIES RETROACTIVE TO DEFENDANT'S SENTENCED ON OR AFTER THE ENACTMENT OF THE STATUTE

the Fair Sentencing Act **(FSA)** of 2010, applies retroactive to defendant's whos's crimes were committed before August 3, 2010, the date the **FSA** became

6

ffective, but who had not yet been sentenced.

The Petitioner submits that Congress intended for the **Fair Sentencing Act** of 2010, **Pub. L. No. 111-220, Stat. 2372** to apply retroactively to defendant's who committed crack cocaine offenses before August 3, 2010, the date of its enactment, but who were sentenced on or after that date. Although the **FSA** was silent as to whether to apply the new statutory Amendment retroactively to defendant's whos cases were pending on the date of the statutes enactment, the implication of this silence would seem to indicate, or at least suggest that Congress in its infinite wisdom, intended the **FSA** to apply to all sentences imposed after the August 3rd date. The General savings statute U.S.C.S. §109 cannot be used to justify disregarding the express wishes, will or intent of Congress. In **United States v. Rojas, 645 F.3d 1234, 1238 CA11 2011),** the Fifth Circuit, in coming to the conclusion that "The general savings statute cannot bar application of the **FSA** to sentencings conducted after its August 3rd enactment." stated that, "Over a hundred years ago, the Supreme Court explained that the general savings statute "cannot justify a disregard of the will of Congress as manifested, either expressly or by necessary implication, in a subsequent enactment. "**Great N. Ry. Co. v. United States 208 U.S. 452, 465, 28 S. Ct 313, 52 L. Ed. 567 (1908);** see also **Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 659 n. 10 94 S. Ct. 2532, 41 L.Ed.2d 383 (1974).** ("[O]nly if [the repealing statute] can be said by fair implication or expressly to conflict with §109 would there by reason to hold that [the repealing statute] superseding §109."). Indeed, the Supreme Court has "made clear" that a savings provision "cannot nullify the unambiguous import of a subsequent statute.... A Subsequent Congress ... may exempt itself from [express provision] requirements by 'fair implication.'''' **Lockhart v. United States 546 U.S. 142, 148, 126 S. Ct. 699, 163 L.Ed.2d 557 (2005)(Scalia, J., concurring).** Where Congress's intent for a new statute to

7

supersede a prior one is clear, it is not required to use "magical words to do so. **Id. at 145 (majority opinion).** The Court further stated that, "unlike the statute in **Marrero,** the **FSA** is silent as to whether the harsher mandatory minimums should be preserved for defendants whose cases were pending on the date of its enactment. However, the necessary and fair implication of the **FSA** is that Congress intended the Act to apply to all sentencings going forward, because a contrary conclusion would be logically inconsistent and would achieve absurd results: The Sentencing Reform Act of 1984 expressly states that the governing Sentencing Guidelines are those in effect on the day a defendant is sentenced. 18 U.S.C. §3553(a)(4)(ii)." the Eleventh Circuit's rationale is quite clear. "By granting the Sentencing Commission the emergency authority to amend the Sentencing Guidelines by November 1, 2010, Congress necessarily indicated its intent for the **FSA** to apply immediately. To ask district courts to consider the date the offense was committed to determine the statutory minimum, but the date of sentencing to determine the guidelines range, would lead to an incongruous result that is inconsistent with Congressional intent. See **United States v. Rutherford, 442 U.S. 544, 552 99 Ct. 2470, 61 L.Ed.2d 68 (1979)**(explaining that when interpreting statutes, exceptions may be implied "where essential to prevent 'absurd results' or consequences obviously at variance with policy of the enactment as a whole"). What is more, such an interpretation of the **FSA** would run afoul of the policies motivating its enactment and render ineffectual Congress's express directive to the Sentencing Commission. See **FSA** Preamble & §8, Pub. L. No. 111-220 (stating that "the United States Sentencing Commission shall...make such conforming amendments to the federal sentencing guidelines as the Commission determines necessary to achieve consistency with...applicable law."(emphasis added)). Moreover, with respect to §109, we have stated in a somewhat similar context that "[t]he general rule is that a new statute should apply to cases

8

pending on the date of its enactment unless manifest injustice would result or there is a statutory directive or legislative history to the contrary." **United States v. Kolter, 849 F.2d 541, 543 (11th Cir. 1988)**(citing, among other cases, **Bradley v. Sch. Bd. of Richmond, 416 U.S. 696, 94 S.Ct. 2006. 40 L.Ed.2d 476 (1974))**. Congress stated that it passed the **FSA** to "restore fairness to Federal Cocaine sentencing." Preamble, **FSA** Pub. L. No. 111-220. As one district court aptly stated in an opinion thoroughly discussing this issue, "what possible reason could there be to want judges to continue to impose new sentences that are not 'fair' over the next five years while that statute of limitations runs?" **Douglas, 746 F.Supp. 2d. at 229.** the necessary inference is that the will of Congress was for the **FSA** to halt unfair sentencing practices immediately. See **Great N. Ry. Co. 208 U.S. at 465.** WE therefore hold that the general savings statute cannot bar application of the **FSA** to sentencings conducted after its August 3, 2010, enactment."

Petitioner would respectfully request that he be granted an evidentiary hearing so that he may adequately argue the merits of his claim.

**WHEREFORE,** the Petitioner beseeches this Honorable Court to vacate the instant Judgment and sentence, and remand his case back to the District Court for resentencing in accordance with Congress's express intent that the **FSA** apply to defendant's who were sentence on or after **August 3, 2010,** the date of the Statute's enactment.

Respectfully submitted,

*Brian Johnson*
Brian Johnson
#14129-042
P.O. BX. 7000
Texarkana, Texas 75505-7000

9

## CERTIFICATE OF SERVICE

The undersigned certifies under penalties of perjury that he mail a true and correct copy of the above and foregoing documents, 1st Class mail, postage prepaid, by placing the same in the U.S. Mail at F.C.I. Texarkana, TX.. Address to the following party or parties. On this ___30th___ day of __November__, 20_11_ Title 28 U.S.C. §1746.

Clerk of the Court

United States District Court

Northern District of Mississippi

305 Main St. Rm. 329

Greenville, Mississippi 38701


Subscribed this _30th_ day of _November_, 20_11_

Signature: _Brian Johnson_

Name: _Brian Johnson_

USM/NO: _14129-042_

10

BRIAN JOHNSON #14129-042 F-UNIT
FEDERAL CORRECTIONAL INSTITUTION
P.O. BX. 7000
TEXARKANA, TEXAS 75505-7000

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
305 Main St. Rm. 329
GREENVILLE, MISSISSIPPI 38701

LEGAL MAIL