**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

**BRIAN JOHNSON,**

        **Petitioner,**

**v.**                                            **Crim. No. 4:09-CR-00073-M**

**UNITED STATES,**

        **Respondent.**

**RESPONSE OF THE UNITED STATES OF AMERICA
TO PETITIONER'S MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255.**

---

The United States of America, by and through Felicia C. Adams, United States Attorney for the Northern District of Mississippi, and Scott F. Leary, Assistant United States Attorney, respectfully requests this Court to deny petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**STATEMENT OF FACTS AND THE CASE**

Rule 32(i)(3)(A) of the Federal Rules of Criminal Procedure provides that at sentencing the district court "[m]ay accept any undisputed portion of the Pre-Sentence Report as a finding of fact." The Government will rely on the Brian Johnson's Pre-Sentence Report ("PSR"), in part, when outlining the case.

On or about November 14, 2007, Brian Johnson distributed 11.7 grams of cocaine base. PSR, ¶ 8-11. On or about May 23, 2008, Brian Johnson distributed approximately 10.5 grams of cocaine base. PSR, ¶ 12-16. For Guideline calculation purposes, Johnson was held accountable for a total of 22.2 grams of cocaine base. PSR, ¶ 16.

On or about October 8, 2009, in the United States District Court for the Northern District of Mississippi, Brian Johnson was indicted for distribution of an amount in excess of five (5) grams of cocaine base, in violation of Title 21 U.S.C. § 841(a)(1), (b)(1)(B). See Johnson's § 2255 Memorandum, Statement of the Case. According to 21 U.S.C. § 841(b)(1)(B), for an amount in excess of five (5) grams of cocaine base, Johnson faced a statutory sentencing range of not less than five (5) years and not more than forty (40) years. PSR, ¶ 113.

Johnson was sentenced on December 2, 2010. He was a career offender, which resulted in a base offense level of 34. PSR, ¶ 30. Johnson received a three level reduction for acceptance of responsibility, which resulted in a total offense level of 31. PSR, ¶ 31, 32. His sentencing guideline range was 188 to 235 months. PSR, ¶ 114. The sentencing court applied to low end of the guideline range, and sentenced Johnson to 188 months. See Johnson's § 2255 Memorandum, Statement of the Case and Statement of the Facts.

According to the Criminal Docket for this case, on December 12, 2011 (Docket No. 56), Johnson filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses pursuant to 18 U.S.C. § 3582. In reality, Johnson filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence. Likewise, the Criminal Docket reflects that on December 12, 2011, Judge W. Allen Pepper ordered the Government to respond to defendant's Motion for Retroactive Application of the Sentencing Guidelines pursuant to 18 U.S.C. § 3582 (Docket No. 57). In reality, Judge Pepper ordered the Government to respond to the defendant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence.

On February 10, 2012, the Government filed a Response to Defendant's Motion for Retroactive Application of the Guidelines (Docket No. 61). Rather than filing a response to a §

3582 motion, the Government should have filed a response to a § 2255 motion. The Government respectfully asserts that the substance of its § 3582 Response is the same as the substance of this Response. On May 7, 2012, the defendant filed a Motion for Default Judgement for the Government's failure to properly respond to his § 2255 motion. Though the Government should have filed its response pursuant to § 2255 rather than § 3582, it respectfully asserts that, for the reasons asserted in its § 3582 Response, the defendant is not entitled to relief.[1] Specifically, the Government asserts the following.

## ISSUE

Whether Brian Johnson's counsel was ineffective for failing to seek application of the Fair Sentencing act.

## THE LAW

**1.    In General**

Section 2255 "provides the federal prisoner with a post-conviction remedy to test the legality of his detention by filing a motion to vacate judgment and sentence in his trial court." U.S. v. Grammas, 376 F.3d 433, 435 (5th Cir. 2004) (citing Kuhn v. United States, 432 F.2d 82, 83 (5th Cir.1970)). The writ of habeas corpus has historically been regarded as an extraordinary remedy, "a bulwark against convictions that violate 'fundamental fairness.' " Brecht v. Abrahamson, 507 U.S. 619, 634, 113 S.Ct. 1710, 1719 (1993). "Those few who are ultimately

---

[1] Rule 55 of the Federal Rules of Civil Procedure provides for a default judgment when a party "has failed to plead or otherwise defend." In the instant case the Government has not failed to plead, it simply mislabeled a response to the defendant's motion. "The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits. Strict enforcement of defaults has no place in the Federal Rules[.]" Amberg v. FDIC, 934 F.2d 681, 686 (5th Cir.1991).

successful [in obtaining habeas relief] are persons whom society has grievously wronged and for whom belated liberation is little enough compensation." Abrahamson, 507 U.S. at 634.

In order to prevail upon a § 2255 motion, the petitioner "must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Weinberger v. United States, 268 F.3d 346, 351 (6th Cir.2001).

### 2. Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the right to "effective" assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). The petitioner has the burden to prove that the conduct of trial counsel fell below the constitutional minimum guaranteed by the Sixth Amendment. U.S. v. Faubion, 19 F.3d 226, 228 (5th Cir.1994)(citing Strickland, 466 U.S. at 686, 104 S.Ct. at 2063). "The threshold issue is not whether [defendant's] attorney was inadequate; rather it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory." United States v. Kincaide, 145 F.3d 771, 785 (6th Cir. 1998).

The established two part standard adopted by the Strickland Court to evaluate the effectiveness of counsel consists of the following parameters: First, whether counsel performed inadequately; Second, whether prejudice resulted from counsel's inadequate performance. Hill v. Lockhart, 474 U.S. 52, 57 (1985). In the instant case, Johnson's counsel did not perform inadequately.

### 3. Fair Sentencing Act

The Fair Sentencing Act of 2010 (FSA) became effective on August 3, 2010. Section 2 of the FSA reduced the statutory penalties for offenses involving manufacturing or trafficking in crack cocaine by increasing the quantity thresholds required to trigger a mandatory minimum term of

4

imprisonment. U.S.S.G. Appendix C - Volume III, Amendment 750, Part C, p. 393. The quantity threshold required to trigger the 5-year mandatory minimum term of imprisonment was increased from 5 grams to 28 grams, and the quantity threshold required to trigger the 10-year mandatory minimum term of imprisonment was increased from 50 grams to 280 grams. U.S.S.G. Amendment 750, p. 393 (citing 21 U.S.C. §§ 841(b)(1)(A), (B) and (C)).

Section 8 of the FSA required the Sentencing Commission to promulgate comparable amendments to the United States Sentencing Guidelines ("U.S.S.G."). U.S.S.G. Appendix C - Volume III, Amendment 750, Part C, p. 392. Pursuant to this FSA directive, the Sentencing Commission amended U.S.S.G. § 2D1.1 (Unlawful Manufacturing, Trafficking, Conspiracy, ...) and § 2D2.1 (Unlawful Possession; Attempt or Conspiracy), made effective November 1, 2011. U.S.S.G. Amendment 750, p. 393. Said revisions brought the U.S.S.G. into compatibility with FSA amendments to 21 U.S.C. §§ 841(b)(1)(A), (B) and (C). [2] U.S.S.G. Amendment 750, p. 393.

The U.S.S.G. point out that not all crack cocaine offenders sentenced after November 1, 2011, will receive a lower sentence as a result of the change to the Drug Quantity Table. [3] U.S.S.G. Amendment 750, p. 394. *For instance, defendants previously sentenced at the statutory mandatory*

---

[2] For instance, "using the new U.S.S.G. drug quantities, as reflected in the FSA, offenses involving 28 grams or more of crack cocaine are assigned a base offense level of 26, offenses involving 280 grams or more of crack cocaine are assigned a base offense level of 32, and other offense levels are established by extrapolating proportionally upward and downward on the Drug Quantity Table." U.S.S.G. Appendix C - Volume III, Amendment 750, Part C, p. 393.

[3] Offenses involving the following quantities of crack cocaine will not receive a lower sentence: less than 500 milligrams; at least 28 grams but less than 35 grams; at least 280 grams but less than 500 grams; at least 840 grams but less than 1.5 kilograms; at least 2.8 kilograms but less than 4.5 kilograms; and 8.5 kilograms or more. U.S.S.G. Appendix C - Volume III, Amendment 750, Part C, p. 394.

5

*minimum cannot have their sentences lowered by an amendment to the guidelines.* U.S.S.G. Amendment 750, p. 394 (citing U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.") (emphasis added).

Title 18, United States Code § 3582(c)(2) concerns retroactive amendments to the United States Sentencing Guidelines (U.S.S.G.), and provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) [4], upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*. (Emphasis added).

As previously explained, effective November 1, 2011, the U.S.S.G. were amended by lowering the base offense levels applicable to cocaine base ("crack") offenses. Section 1B1.10 of the U.S.S.G. articulates the proper procedure for retroactive implementation of amendments to the Sentencing Guidelines. The version of § 1B1.10 applicable to this case, Amendment 750, became effective on November 1, 2011. [5] Section 1B1.10 provides, in pertinent part:

---

[4] Title 28, United States Code § 944(o) provides: The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section. In fulfilling its duties and in exercising its powers, the Commission shall consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system. The United States Probation System, the Bureau of Prisons, the Judicial Conference of the United States, the Criminal Division of the United States Department of Justice, and a representative of the Federal Public Defenders shall submit to the Commission any observations, comments, or questions pertinent to the work of the Commission whenever they believe such communication would be useful, and shall, at least annually, submit to the Commission a written report commenting on the operation of the Commission's guidelines, suggesting changes in the guidelines that appear to be warranted, and otherwise assessing the Commission's work.

[5] A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996).

(1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

  (A) none of the amendments listed in subsection (c) is applicable to the defendant; or

  (B) *an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range*.

(3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

In <u>Dillon v. United States</u>, 130 S. Ct. 2683 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that § 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." <u>Id.</u> at 2688. The Court affirmed that a two-step approach must be followed:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." <u>Ibid.</u>

---

Section 1B1.10(c) identifies Amendment 750 as being covered by this policy statement.

7

>Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). . . .
>
>At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

Dillon, 130 S. Ct. at 2691-92.

### APPLICATION OF LAW TO FACTS

In the instant case, Brian Johnson's motion must be denied because the Guideline amendment does not have the effect of lowering guideline range.

Brian Johnson's offense conduct occurred in 2007 and 2008. PSR, ¶¶ 8-16. On December 2, 2010, the Johnson was sentenced pursuant to an indictment that charged him with trafficking in an amount in excess of 5 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B). Johnson was held accountable for 22.4 grams of cocaine base. PSR, ¶ 21. According to § 841(b)(1)(B), his imprisonment range was not less than five (5) years and not more than forty (40) years.

Brian Johnson was also a career offender, which according to U.S.S.G. § 4B1.1(b)(2) resulted in a base offense level of 34. PSR ¶ 30. Specifically, § 4B1.1(b)(2) provides that where a defendant's statutory maximum sentence is 25 years or more, said defendant's base offense is 34.

The Government concedes that had Johnson's offense conduct occurred after August 3, 2010, then his base offense level would have been reduced. Specifically, because Johnson was held accountable for 22.2 grams of cocaine base, he was initially charged under 21 U.S.C. § 841(b)(1)(B), which was applicable in cases of five (5) grams or more of cocaine base. Section 841(b)(1)(B) authorizes a statutory maximum sentence of forty (40) years. According to the Career Offender

8

provisions of U.S.S.G. § 4B1.1(b)(2), a statutory maximum sentence of more than 25 years results in a base offense level of 34.

However, for offenses occurring after August 3, 2010, the FSA's effective date, § 841(b)(1)(B) was only applicable in cases involving 28 grams or more of cocaine base. Because Johnson was accountable for 22.2 grams of crack cocaine, had his offenses occurred after August 3, 2010, he would have been sentenced under 18 U.S.C. § 841(b)(1)(C), which authorizes a statutory maximum sentence of twenty (20) years. According to the Career Offender provisions of U.S.S.G. § 4B1.1(b)(2), a statutory maximum sentence of less than 25 years results in a base offense level of 32.

Nevertheless, the revised sentencing guidelines do not change the Johnson's sentence, which is still a base offense level of 34. Consequently, the most recent changes to the United States Sentencing Guidelines do not amend the defendant's sentence. Johnson's counsel was not ineffective for failing to argue the FSA at sentencing.

> **1.  Though the FSA lowered the statutory mandatory minimum penalty for various crack cocaine offenses, said reductions only apply to defendants whose offense conduct occurred after August 3, 2010, the date of enactment.**

In United States v. Doggins, 633 F.3d 379, 384 (5th Cir.2011), the Fifth Circuit considered whether the FSA should apply retroactively to a defendant that committed the illegal conduct prior to the August 3, 2010 enactment of the FSA, and who was also sentenced prior to said enactment. The Fifth Circuit held that the Savings Statute, 1 U.S.C. § 109, provided that the reduction of any criminal sentence will not apply retroactively unless the relevant act expressly so states. Id. The FSA did not so state, so the Fifth Circuit held that it did not apply retroactively. See United States v. Goncalves, 642 F.3d 245, 252-55 (1st Cir. 2011); United States v. Diaz, 627 F.3d 930, 931 (2d Cir.

2010) (per curiam); United States v. Reevey, 631 F.3d 110, 115 (3d Cir. 2010); United States v. Bullard, 645 F.3d 237, 248-49 (4th Cir. 2011); United States v. Doggins, 633 F.3d 379, 384 (5th Cir. 2011); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010); United States v. Powell, __ F.3d __, 2011 WL 2712969, *6 (7th Cir. July 13, 2011); United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010); United States v. Baptist, 646 F.3d 1225, 1226-28 (9th Cir. 2011) (per curiam); United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam).

In United States v. Tickles, 661 F.3d 212 (5th Cir. Oct. 19, 2011), the Fifth Circuit then considered whether the FSA should apply retroactively where the defendant committed the illegal conduct prior to the enactment of the FSA, but was not sentenced until after the FSA went into effect. In Tickles, the Fifth Circuit reiterated that Doggins reflected the common view of circuit courts. Tickles, 661 F.3d at 214. [6] After carefully considering the most recent decisions dealing with the FSA's retroactivity, [7] the Fifth Circuit was persuaded by those cases that relied heavily on Section 109 and its application to the FSA, which failed to contain an express statement repealing the prior sentencing structure retroactively. Tickles, 661 F.3d at 214. [8] The Fifth Circuit held that

---

[6] Citing United States v. Lewis, 625 F.3d 1224, 1228 (10th Cir.2010); United States v. Brewer, 624 F.3d 900, 909 n. 7 (8th Cir.2010); United States v. Bell, 624 F.3d 803, 814–15 (7th Cir.2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir.2010) (per curiam); United States v. Carradine, 621 F.3d 575, 580 (6th Cir.2010)).

[7] Citing United States v. Dixon, 648 F.3d 195, 199–200 (3rd Cir.2011); United States v. Rojas, 645 F.3d 1234, 1237–38 (11th Cir.2011), vacated, reh'g en banc granted, 659 F.3d 1055, 2011 WL 4552364 (11th Cir. Oct. 4, 2011); United States v. Douglas, 644 F.3d 39, 42–46 (1st Cir.2011); United States v. Fisher, 635 F.3d 336, 339–40 (7th Cir.2011); United States v. Acoff, 634 F.3d 200, 202–03 (2d Cir.2011); United States v. Spires, 628 F.3d 1049, 1055 (8th Cir.2011).

[8] Fisher, 635 F.3d at 340; Ac off, 634 F.3d at 202–03; Spires, 628 F.3d at 1055; see also United States v. Holcomb, No. 11–1558, 657 F.3d 445, 2011 WL 3795170 (7th Cir. Aug. 24, 2011) (Judge Easterbrook, denying rehearing en banc).

the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment. Id.

In United States v. Gray, 669 F.3d 556 (5th Cir. Feb. 01, 2012), a defendant again appealed his sentence and argued that the FSA should apply retroactively where, as here, the defendant committed the illegal conduct prior to the enactment of the FSA but was not sentenced until after the FSA went into effect. The Fifth Circuit held that this argument was foreclosed by its recent holding in United States v. Tickles, 661 F.3d 212 (5th Cir.2011). The Court reiterated that in Tickles it had surveyed the existing case law on the retroactivity of the FSA and concluded that "the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment." Gray, 669 F.3d at 556 (citing Tickles, 661 F.3d at 215).

Recently, in United States v. Jackson, Slip Copy, 2012 WL 1293855 (5th Cir. April 17, 2012), a defendant argued that the district court erred by refusing to apply the FSA to his sentence. The Fifth Circuit again reiterated that the argument was foreclosed by United States v. Tickles, 661 F.3d 212, 215 (5th Cir.2011), petitions for cert. filed (Dec. 15, 2011) (No. 11–8023) and (Dec. 27, 2011) (No. 11–8268), which held that the FSA does not apply retroactively to defendants whose sentencing occurred after the FSA's effective date but whose offenses occurred before the effective date. Jackson, Slip Copy, 2012 WL 1293855. Although the Supreme Court has recently granted certiorari in two Seventh Circuit cases that held that the FSA does not apply retroactively, the Court held that Fifth Circuit precedent remains binding unless the Supreme Court overrules it. Jackson, Slip Copy, 2012 WL 1293855 (citing United States v. Lopez–Velasquez, 526 F.3d 804, 808 n. 1 (5th Cir.2008)).

In effect, Brian Johnson is using this motion to seek retroactive application of the FSA and a reduction of the statutory sentencing range that was applied. The Fifth Circuit has made clear that the FSA does not authorize such relief. Johnson's original sentencing range of five (5) to forty (40) years remains effective. Section 4B1.1(b)(2) of the Guidelines provides that where a defendant's

11

statutory maximum sentence is 25 years or more, said defendant's base offense is 34. Consequently, Johnson's base offense level is still 34, and his sentencing range is still 188 to 235 months.

As a result, Johnson's counsel was not ineffective for failing to seek application of the FSA to Johnson's sentence.

> **2. The Sentencing Commission, for its part, has no authority to alter a statutory mandatory penalty.**

*The Sentencing Commission's adoption of Amendment 750 only altered the United States Sentencing Guidelines for crack offenses, and applied the revisions retroactively. It did not and cannot change the statutory mandatory minimum sentence proscribed in 21 U.S.C. § 841(b).* [8] In fact, more broadly, the Supreme Court has made clear that a court considering a motion under 18 U.S.C. § 3582(c)(2) to apply a retroactive guideline amendment may replace only the amended guideline in the sentencing calculus, and must leave all other determinations made at the original sentencing proceeding intact. In Dillon v. United States, 130 S. Ct. 2683 (2010), the Court explained that a proceeding under Section 3582(c)(2) is a limited action permitting "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Id. at 2691.

> Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid.

Dillon, 130 S. Ct. at 2691.

Where the statutory mandatory penalty was higher than the original guideline range, the

---

[8] The Sentencing Commission itself, in its synopsis of the amendment to Section 1B1.10(c) declaring Amendment 750 retroactive, stated: "It is important to note that the inclusion of Amendment 750 (Parts A and C) in § 1B1.10(c) only allows the guideline changes to be considered for retroactive application; it does not make any of the statutory changes in the Fair Sentencing Act of 2010 retroactive."

statutory minimum will become the guideline sentence. U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). No retroactive amendment has altered this provision, and therefore both the statutory mandatory penalty and the recommended guideline sentence remain exactly what they were at the time of the original sentencing proceeding.

As a result, Brian Johnson's motion must therefore be denied. See § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . .(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."). See also Dillon, 130 S. Ct. at 2690 (explaining that a judgment of conviction and sentence is final, and Section 3582(c)(2) provides only a limited exception to the rule of finality "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to Section 994(u).") (quoting § 3582(c)(2)).

Although Johnson's sentence involved cocaine base, the amendment to the Guidelines does not have the effect of lowering Johnson's guideline range because of the operation of another guideline or statutory provision.

Johnson was subject to a statutory sentence of five (5) to forty (40) years with no departures granted by the Court. Because Johnson was a career offender, according to U.S.S.G. § 4B1.1, his base offense level was a 34. That enhancement is unaffected by the recent guideline amendment, and the defendant's offense level remains exactly what it was at the time of sentencing. All circuits have addressed the career offender scenario with regard to a retroactive amendment to the crack

guideline, and all are unanimous that relief is unavailable. See United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008); United States v. Mock, 612 F.3d 133, 138 (2d Cir. 2010); United States v. Mateo, 560 F.3d 152, 154-55 (3d Cir. 2009); United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010); United States v. Anderson, 591 F.3d 789, 791 (5th Cir. 2009); United States v. Perdue, 572 F.3d 288, 292-93 (6th Cir. 2009); United States v. Forman, 553 F.3d 585, 589 (7th Cir. 2009) (per curiam); United States v. Tingle, 524 F.3d 839 (8th Cir. 2008) (per curiam); United States v. Wesson, 583 F.3d 728, 731 (9th Cir. 2009); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008); United States v. Moore, 541 F.3d 1323, 1327-30 (11th Cir. 2008); United States v. Berry, 618 F.3d 13, 17-18 (D.C. Cir. 2010).

The statutory sentence imposed on Johnson may not be altered at this time. Johnson's motion under Section 2255 should be denied, his counsel was not ineffective. The Fair Sentencing Act is simply not applicable to Johnson's case.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that petitioner's motion under 28 U.S.C. § 2255 be denied.

Respectfully submitted,

FELICIA C. ADAMS
United States Attorney

*/s/ Scott F. Leary*
Scott F. Leary
Assistant United States Attorney
900 Jefferson Avenue
Oxford, MS 38655
(MS No. 8685)

14

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 has been forwarded to the petitioner.

This 11th day of May, 2012.

                                        */s/ Scott F. Leary*
                                        Scott F. Leary
                                        Assistant United States Attorney